(August 23, 1995)

■ In the Matter of JOHN J. BRESLIN, Respondent, v CAROLEE C. SUNDERLAND et al., Respondents, and PHILIP FOLEY, Appellant. [630 NYS2d 952] —In a proceeding to validate a petition designating John J. Breslin as a candidate in a primary election to be held on September 12, 1995, for the nomination of the Conservative Party as its candidate for the public office of City Court Judge of the City of Yonkers, the appeal is from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered August 16, 1995, which granted the application, validated the petition, and directed that the petitioner's name be placed on the ballot.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the application is denied, the petition is invalidated, and the Board of Elections, County of Westchester, is directed to remove the petitioner's name from the ballot for the primary election to be held on September 12, 1995, for the public office of City Court Judge of the City of Yonkers.

The petitioner submitted to the Board of Elections, County of Westchester (hereinafter the Board), a petition designating him as the Conservative Party candidate for the public office of City Court Judge of the City Court of Yonkers. The petition

contained 220 signatures. One hundred ninety-nine signatures are required to place the petitioner's name on the ballot for the September 12, 1995, primary.

The appellant filed general and specific objections to the designating petition. The Board found 31 signatures to be invalid, leaving the petitioner with only 189 signatures. Six of the signatures were invalidated by the Board because the signatories had previously signed the designating petition of another candidate for the same office, Michael A. Martinelli (see, Election Law § 6-134).

The petitioner commenced the present proceeding to validate the 31 signatures that the Board had invalidated. The Supreme Court validated 11 of the signatures, including the aforementioned six signatures, bringing the total number of valid signatures to 200, which is a sufficient number for the petitioner to be placed on the ballot.

The Supreme Court erred in validating the aforementioned six signatures since the petitioner failed to establish that the Board had incorrectly determined that these six signatures were invalid.

In light of the foregoing, we do not reach the parties' remaining contentions. Mangano, P. J., Thompson, Pizzuto and Goldstein, JJ., concur.